Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LAURA IVETTE CORREA LÓPEZ<br><br>Peticionaria<br><br>V.<br><br>ROOMS TO GO PR INC.; MULTINATIONAL INSURANCE COMPANY; SUPER PULIDO Y MANTENIMIENTO INC.; COMPAÑÍA DE SEGUROS ABC, FULANTO DE TAL, MENGANO<br><br>Recurridos | KLCE202500234 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: SJ2022CV10418 (401)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de marzo de 2025.

El 10 de marzo de 2025, compareció ante este Tribunal de Apelaciones, la señora Laura I. Correa López (en adelante, señora Correa López o parte peticionaria), mediante *Recurso de Certiorari*. Por medio de este nos solicita que, revisemos la *Orden* emitida el 10 de enero de 2025, y notificada el 13 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moci[ó]n en Solicitud de Conversi[ó]n de Vista y Solicitud de Permiso para Enmendar Demanda* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del *certiorari*.

### I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios presentada por

la señora Correa López el 29 de noviembre de 2022, en contra de Rooms To Go PR INC (en adelante, Rooms To Go); Multinational Insurance Company (en adelante Multinational); Super Pulido y Mantenimiento Inc.; Compañía de Seguros ABC, Fulano de Tal y Mengano (en adelante, parte recurrida). La parte peticionaria sostuvo que, el 13 de marzo de 2022, mientras caminaba por un pasillo de las instalaciones de Rooms To Go en Carolina, debido a un desnivel en las losetas y a que el suelo se encontraba "pulido", tropezó con el borde de unas losetas, perdió el balance y cayó al suelo. Alegó que, como producto de la caída, se lastimó su rodilla, brazo, codo y hombro de su lado derecho.

De igual manera, acotó que, se había percatado que, el pasillo donde tuvo la alegada caída se encontraba en remodelación. Sin embargo, en dicho lugar no había rótulos o señales que indicaran la existencia del desnivel, ni se acordonó el área para evitar que personas caminaran por ella. Argumentó que, la caída fue producto del desnivel en el piso de la tienda Rooms To Go, y que por ello, esta última junto a Súper Pulido y Mantenimiento Inc., eran responsables. Adujo que, como consecuencia de la alegada caída, se vio limitada en el desempeño físico de sus labores al no poder trabajar por tres (3) días consecutivos y que continuaba experimentando dolencias en las áreas donde sufrió el daño. La señora Correa López, aseguró que, los daños sufridos se debían única y exclusivamente a las acciones negligentes de la parte recurrida. Añadió, además, que la parte recurrida no observó su deber de actuar como una persona prudente y razonable, y que, faltó a su deber de previsibilidad. A tales efectos, expresó que, los alegados daños sufridos por la parte recurrida se estimaban en una cantidad no menor de $50,000.00.

En respuesta, Rooms To Go y Multinational presentaron la *Contestación a Demanda*. Alegaron que, pese a que era cierto que

en la tienda de Rooms To Go se estaban realizando trabajos en las losas del piso, desconocían cuál fue el motivo de la caída de la señora Correa López, ya que esta poseía condiciones de salud preexistentes. De igual forma, argumentaron que, el lugar donde había ocurrido la caída se mantuvo en condiciones de seguridad tales, para que las personas que caminaran por las mismas no sufrieran daño durante el curso normal de los procedimientos. Entre otras cosas, acotaron que, los daños reclamados eran excesivos, exagerados, inexistentes o preexistentes, improcedentes, autoinfligidos o no guardaban proporción ni relación alguna con el evento narrado en la *Demanda*, ni con las lesiones o daños realmente sufridos por la parte. Finalmente, solicitó que se declarara No Ha Lugar la *Demanda*.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 16 de diciembre de 2024, la parte peticionaria presentó la *Moci[ó]n en Solicitud de Conversi[ó]n de Vista y Solicitud de Permiso para Enmendar Demanda*. En su petitorio, solicitó al foro primario que le permitiera enmendar la *Demanda*, con el propósito de añadir nuevas alegaciones y reclamar una nueva partida por concepto de daños.

Por su parte, Rooms To Go y Multinational presentaron *Oposición a Solicitud de Permiso para Enmendar Demanda*. En su oposición, argumentaron que, procedía que se declarara No Ha Lugar debido a que, la solicitud estaba a destiempo por la falta diligencia y dejadez de la parte peticionaria y por causarles grave perjuicio.

Así las cosas, el 13 de enero de 2025, la primera instancia judicial emitió la *Orden* cuya revisión nos ocupa, donde determinó lo siguiente:

> Luego de evaluar los argumentos de las partes el tribunal declara No ha lugar la enmienda a la demanda en esta etapa. Se ordena la continuación de los procedimientos.

Se conceden 10 días para que las partes presenten fecha hábil para celebrar la conferencia con antelación al juicio.

En desacuerdo, la parte peticionaria presentó la *Moci[ó]n de Reconsideraci[ó]n Permiso para Enemendar Demanda*. Mientras que, Rooms to Go y Multinational presentaron la *Oposición a Moción de Reconsideración Permiso para Enmendar Demanda*.

Finalmente, el foro de primera instancia emitió *Resoluci[ó]n*. Dispuso que, los argumentos presentados por la parte peticionaria no constituían justificación válida para conceder la enmienda a la *Demanda* en la etapa en la cual se encontraban los procedimientos. Resaltó que, la solicitud de enmienda, además de ser tardía e injustificada, impactaba los procedimientos, pues requería reabrir un nuevo descubrimiento de prueba con relación a los daños alegados que, si se relacionaban directamente, debieron haberse incluido desde el inicio.

Aún en desacuerdo, la parte peticionaria acudió ante este foro revisor y esgrimió el siguiente señalamiento de error:

El TPI erró al no permitir la enmienda a la demanda de manera restrictiva y bas[á]ndose en hechos errados.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[1].

**II**

### *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR

---

[1] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327

---

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
> [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

Como Tribunal Apelativo, nos corresponde determinar en primera instancia, si el promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1, *supra*. Veamos.

Según mencionáramos, la parte peticionaria nos solicita la revisión del dictamen emitido por el foro recurrido, en el cual declaró No Ha Lugar una solicitud de enmienda a la demanda, por entender que era tardía, injustificada e impactaba los procedimientos.

Al examinar el señalamiento de error propuesto por la parte peticionaria al palio de la precitada Regla 52.1, colegimos que, aunque la referida Regla contempla varias excepciones, en el caso ante nos, no se encuentra presente ninguna de dichas instancias. Como sabemos, los asuntos sobre enmiendas a la demanda no están dentro de las instancias excepcionales que nos permitan ejercer nuestra función revisora en esta etapa de los procedimientos.

Por otro lado, al evaluar el recurso presentado por la parte apelante, considerando los criterios enumerados en la precitada Regla 40 del Reglamento de este Tribunal, colegimos que, tampoco satisface dichos criterios. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del *certiorari*, al no satisfacer los criterios de la Regla 52.1, *supra*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones